S00Q1228. LAMB et al. v. TURBINE DESIGNS, INC.
(538 SE2d 437)

SEARS, Justice.

The United States Court of Appeals for the Eleventh Circuit has certified the following question to this Court: "In Georgia, is a non-

resident subject to personal jurisdiction under OCGA § 9-10-91 (2) when he improperly discloses another non-resident's trade secret to a federal agency at its Georgia office?"[1] In addressing this question, we adopt the so-called "government contacts" exception to the exercise of personal jurisdiction under a jurisdiction's long-arm statute. Under that exception, generally speaking, if a nonresident's contact with the jurisdiction consists solely of the nonresident's contact with a governmental entity that is located only within the jurisdiction, the contact is not counted in a personal jurisdiction analysis. Applying the government contacts principle to the facts of this case, we conclude that the appellee's sole contact with this state — the petitioning of the Federal Aviation Administration in Atlanta — cannot be considered in determining whether the appellee committed a tort in Georgia within the meaning of OCGA § 9-10-91 (2). Accordingly, we conclude that the appellee is not subject to personal jurisdiction in this state, and answer the certified question in the negative.

1. The appellants and the appellee are all nonresidents of Georgia. The appellants filed suit against the appellee in the United States District Court for the Northern District of Georgia, alleging that the appellee misappropriated a trade secret of the appellants concerning a design modification for the Beechcraft King Air aircraft. The appellants further alleged that the appellee improperly disclosed that trade secret to the Federal Aviation Administration when the appellee incorporated it in an application it submitted to the FAA to obtain approval to modify Beechcraft King Air aircraft. It is undisputed that, if Turbine did misappropriate the appellants' trade secret, it acquired the trade secret in Florida and incorporated it into its FAA application in Florida. It is also undisputed that Turbine's sole contact with Georgia was its submission of the application to the FAA's Atlanta, Georgia, office. In their complaint, the appellants claimed that Turbine had violated, among other things, the Georgia Trade Secrets Act by disclosing and using the trade secret in its application to the FAA.[2] Turbine moved to dismiss the action, contending that the Georgia federal court had no personal jurisdiction over it. Although the appellants conceded that Turbine's only contact with Georgia was the submission of the application to the FAA, they contended that this contact was sufficient. In this regard, the appellants contended that the disclosure of the proprietary information constituted a tort under the Trade Secrets Act, that the tort occurred in Atlanta, and that the Georgia long-arm statute permitted the

---

[1] *Lamb v. Turbine Designs*, 207 F3d 1259 (11th Cir. 2000).

[2] The Georgia Trade Secrets Act makes it a tort, under certain circumstances, to disclose or use a trade secret of another person. OCGA § 10-1-761 (2).

Georgia federal court to exercise jurisdiction.[3] The district court held that it had no jurisdiction over Turbine and dismissed the action. The Eleventh Circuit noted that for purposes of the motion to dismiss, it had to assume the allegations of the complaint to be true. Looking at those allegations, the court concluded that they appeared to state a claim for relief under the Trade Secrets Act.[4] The court also stated that if Turbine had committed a tort in Georgia, "the Georgia long-arm statute would appear to permit the district court to assert jurisdiction over [Turbine]."[5] The court concluded, however, that it appeared unsettled whether "the disclosure of misappropriated trade secrets to a federal agency which happens to have an office for acceptance of applications in Georgia is the sort of tort contemplated by the Georgia long-arm statute."[6] For these reasons, the Court certified the above question to this Court.[7]

2. For policy reasons, we conclude that the type of tort alleged in this case — the disclosure of a trade secret through an application that may only be filed with a government agency in Georgia — is not sufficient to bring into play our long-arm statute. In doing so, we adopt what has been known as the "government contacts" exception to the exercise of personal jurisdiction over a nonresident under a long-arm statute. This concept originated in the courts of the District of Columbia, and, as developed in those courts, the doctrine provides that " 'entry into the District of Columbia by nonresidents for the purpose of contacting federal governmental agencies is not a basis for the assertion of in personam jurisdiction.' "[8] The rationale for the exception is that

> "[t]o permit courts to assert personal jurisdiction over non-residents whose sole contact with the District consists of dealing with a federal instrumentality not only would pose a threat to free public participation in government, but also

---

[3] In this regard, Georgia's long-arm statute, OCGA § 9-10-91, provides, in relevant part, as follows:

A court of this state may exercise personal jurisdiction over any nonresident . . . as to a cause of action arising from any of the acts, omissions, ownership, use, or possession enumerated in this Code section, in the same manner as if he were a resident of the state, if in person or through an agent, he:

. . .

(2) Commits a tortious act or omission within this state, except as to a cause of action for defamation of character arising from the act.

[4] *Lamb*, 207 F3d at 1261-1262.

[5] Id. at 1260.

[6] Id. at 1262.

[7] Id. at 1261-1262.

[8] *Zeneca Ltd. v. Mylan Pharmaceuticals*, 173 F3d 829, 831 (Fed. Cir. 1999) (quoting *Environmental Research Intl. v. Lockwood Greene Eng'rs*, 355 A2d 808, 813 (D.C. 1976) (en banc)).

would threaten to convert the District . . . into a national judicial forum."[9]

  "Under this exception, petitioning the national government does not 'count' as a jurisdictional contact in the personal jurisdiction analysis."[10] This is true even if the contact is related to the cause of action itself.[11] Moreover, in *Zeneca,* the Court held that the government contacts exception applied in that case even though the petition filed with the government in that case constituted a tort. Although the government contacts exception originated in the District of Columbia, and has been applied there more than in other jurisdictions, it has been applied elsewhere.[12]

  An examination of *Zeneca* illustrates the type of analysis that is appropriate in these cases. There, Mylan Pharmaceuticals filed a petition with the Food and Drug Administration in Rockville, Maryland, to obtain permission to market a generic form of a particular drug. Under the applicable laws, the filing of the petition itself infringed the patent of Zeneca Limited and constituted a tort.[13] The issue before the United States Court of Appeals for the Federal Circuit was whether personal jurisdiction over Mylan existed in Maryland in light of the government contacts exception. The Court ruled that personal jurisdiction did not exist, concluding that the fact that the federal agency was located in Maryland and not the District of Columbia was no reason not to apply the government contacts exception; that Mylan was petitioning the government to market its generic drug; that Mylan's contact with Maryland arose out of the fortuity that Mylan had to file its petition with a government agency located in Maryland; that applying the exception would not deprive Zeneca of a forum in which to seek relief, as a Pennsylvania district court had personal jurisdiction over Mylan; and that the fact that the petition also constituted a tort was an insufficient reason not to apply the exception.[14]

  In the present case, the only contact that Turbine has had with the State of Georgia is the filing of the application with the FAA. Thus, Turbine's contact with Georgia arose out of the mere fortuity of the location of the federal government office in which Turbine had to file the application. Moreover, Turbine's application arose out of the type of activity that falls under the government contacts exception —

---

[9] *Zeneca,* 173 F3d at 831 (quoting *Environmental Research,* 355 A2d at 813).

[10] *Zeneca,* 173 F3d at 831.

[11] *Zeneca,* 173 F3d at 831; *Environmental Research,* 355 A2d at 813.

[12] See *Klinghoffer v. S.N.C. Achille Lauro Ed Altri-Gestione Motonave,* 937 F2d 44 (2d Cir. 1991); *Nichols v. G. D. Searle & Co.,* 783 FSupp. 233, 242 (D.Md. 1992).

[13] *Zeneca,* 173 F3d at 830 and 832-833.

[14] Id. at 832-833.

the right to petition of one's government. Similarly, assuming that the disclosure of the alleged trade secrets of the appellants to the FAA constitutes a tort, it has been held that the fact that the petitioning of the government relates to the cause of action or itself constitutes a tort is an insufficient reason not to invoke the government contacts exception.[15]

Moreover, although there is a fraud exception to the government contacts rule, we conclude that it is inapplicable in this case.[16] Because the government contacts exception is premised in part on protecting the right of people to petition their government, it should not provide protection from representations that are meant to mislead the governmental agency in performing its duties relating to the petition that is before it. For instance, in *Nichols v. G. D. Searle & Co.*,[17] the plaintiffs alleged that G. D. Searle & Company had provided the Food and Drug Administration with fraudulent information concerning a contraceptive product in order to obtain the agency's approval for the product.[18] We conclude that, if we were to interpret the fraud exception to the government contacts rule to include instances when a company or an individual has allegedly provided misleading information in a government petition that does not impair the government agency in performing its duties, the fraud exception would undermine the government contacts rule. For example, many government filings, such as the one in this case, may contain information or data that someone can allege was misappropriated. If this type of allegation were permitted to take a case outside the government contacts rule, courts of a state with federal agencies could be exposed "to an unrelenting wave of litigation."[19] In the present case, the allegation of "fraud" is that Turbine effectively misrepresented to the FAA that the data in its application was its own. The ownership of the data, however, would not impair the FAA in performing its duty of determining whether that data renders the airplane in question safe to fly. We therefore conclude that this type of allegation is not sufficient to bring the case outside the scope of the government contacts exception, as we adopt it in Georgia.

Finally, we conclude, as did the court in *Zeneca*, that the fact the appellants have another forum in which to litigate their claims — here, the State of Florida – militates in favor of applying the government contact exception in this case.

---

[15] Id. at 832-833.
[16] See *Nichols*, 783 FSupp. at 242; *Naartex Consulting Corp. v. Watt*, 722 F2d 779, 786-787 (D.C. Cir. 1983).
[17] 783 FSupp. 233.
[18] Id. at 242.
[19] Id. at 244.

For the foregoing reasons, we conclude that Turbine's submission of its application to the FAA in Atlanta must be discounted in determining whether Turbine committed a tort in Georgia within the meaning of our long-arm statute.[20] Accordingly, we answer the certified question as follows: In Georgia, a nonresident is not subject to personal jurisdiction under OCGA § 9-10-91 (2) when his sole contact with the state is the alleged improper disclosure of another non-resident's trade secret to a federal agency at its Georgia office.

*Certified question answered in the negative. All the Justices concur.*

DECIDED NOVEMBER 13, 2000.

Robert E. Lamb, *pro se.*
Peter B. Hoffman, Martin A. Pedata, for appellee.